UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICK WHARF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARR LUMBER COMPANY, an Oregon corporation,<br><br>Defendant. | Case No. 2:26-cv-00953<br><br>DEFENDANT PARR LUMBER COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441, and 1446<br><br>King County Superior Court Case No. 26-2-05341-3 SEA |

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Parr Lumber Company ("Defendant" or "Parr") hereby removes the above-entitled action, Rick Wharf, et al. v. Parr Lumber Company, pending in the Superior Court of the State of Washington, County of King, Case No. 26-2-05341-3 SEA to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. This Court has original subject matter jurisdiction over Plaintiff's lawsuit based on diversity. Accordingly, removal is proper for the following reasons:



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

## I. BACKGROUND AND PLEADINGS

1. On February 10, 2026, Plaintiff filed a putative class action complaint against Parr in the Superior Court of the State of Washington, County of King (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff's Complaint asserts eight causes of action against Parr: (1) failure to provide rest periods; (2) failure to provide meal periods; (3) failure to pay overtime wages; (4) payment of wages less than entitled; (5) failure to accrue and allow use of paid sick leave; (6) unlawful deductions and rebates; (7) failure to pay all wages due at termination; and (8) willful refusal to pay wages. Plaintiff's Complaint seeks double damages remedies under RCW 49.52.070 and attorneys fees on an individual and class basis under RCW 49.48.030, RCW 49.46.090, and RCW 49.52.070.

3. On February 19, 2026, Plaintiff served a copy of the Summons and Complaint and other accompanying documents to Parr. True and correct copies of the (1) Summons, (2) Case Information Cover Sheet and Area Designation, and (3) Order Setting Civil Case Schedule are attached hereto as **Exhibit 2**.

4. Counsel for Parr filed a Notice of Appearance, attached hereto as **Exhibit 3**.

5. The exhibits listed above constitute all prior pleadings and documents filed in the state court in this matter.

## II. TIMELINESS OF REMOVAL

6. As required by 28 U.S.C. § 1446(b), Parr has timely filed this Notice of Removal.

7. The time for filing a Notice of Removal does not commence until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 374-48 (1999) (holding that



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

the thirty-day window to remove does not commence until formal service of the summons and complaint is complete under state law).

8. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc*., 428 F.3d 206, 210 (5th Cir. 2005) ("the term 'service of process' is defined by state law.").

9. The 30-day time limit to remove was triggered when Plaintiff served the Summons and Complaint on Parr on February 19, 2026. (Declaration of Michelle Rose in Support of Defendant's Notice of Removal ("Rose Decl."), ¶ 2).

10. This Notice of Removal is timely because it has been filed within 30-days after Parr was served.

## III. THIS COURT HAS ORIGINAL JURISDICTION OVER THE CLAIMS IN THIS MATTER BASED ON DIVERSITY JURISDICTION

11. This Court has original jurisdiction over this matter based on diversity jurisdiction, as there is complete diversity of citizenship between the named Plaintiff and Parr with over $75,000 in controversy. See 28 U.S.C. § 1332(a).

### A. Plaintiff And Parr Are Diverse

12. There is complete diversity of citizenship between the named Plaintiff and Parr because Plaintiff is a citizen of a state (i.e., Washington) that is different from the state of citizenship of Parr (i.e., Oregon). (Rose Decl., ¶¶ 3—5).

1. Plaintiff Is A Citizen Of Washington

13. To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state.") (*overruled by statute on other grounds*). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

14. In Plaintiff's Complaint, he states that he "is a resident of Washington." (Complaint, at ¶ 1.6).

15. Moreover, Plaintiff provided Parr with his home address during the course of his employment for purposes of his personnel file, wage statements, and tax withholdings. (Rose Decl., at ¶ 3). Parr's review of Plaintiff's personnel file during his employment reveals that Plaintiff resided in King County, Washington. (*Id.*).

16. Plaintiff was also domiciled in Washington while he worked for Parr. (*Id.*).

17. Plaintiff's intent to remain domiciled in Washington is evident from the fact that he brought his lawsuit against Parr in King County Superior Court. Plaintiff therefore is and was at the initiation of this civil action, a citizen and resident of the State of Washington.

2. <u>Parr Is Not A Citizen Of Washington</u>

18. Parr is, and was at the time of the filing of this action, a citizen of a state other than Washington within the meaning of 28 U.S.C. section 1332(c)(1). Moreover, Parr is not a state, state official, or government entity.

19. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. See *Ho v. Ikon Office Solutions, Inc*., 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (holding the nerve center to be the location where corporation's headquarters were located, where the corporate officers worked, and from where corporate policies and procedures were made).

20. Parr is, and has been, incorporated under the laws of Oregon. (Rose Decl., at ¶ 4). In addition, Parr's principal place of business is located in Oregon. (Rose Decl. at ¶ 5). For example, the corporate headquarters in Oregon is the actual center of direction, control, and coordination of all major human resources, payroll, and administrative functions for Parr. (*Id*.). The respective officers for these departments work in Oregon and are responsible for developing policies and protocols for Parr's operations. (*Id*.). As such, Parr's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain to date, located in Oregon.

21. Therefore, the diversity requirement under 28 U.S.C. § 1332(a)(1) is satisfied because Plaintiff is a citizen of Washington and Parr is a citizen of Oregon.

**B. The Amount In Controversy Exceeds The Statutory Minimum**

22. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

23. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (questioned on other grounds in *Chem. Toxin*



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

*Working Grp. Inc. v. Johnson & Johnson*, 2023 U.S. Dist. LEXIS 50953 (D.D.C. 2023)). Although Parr denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for Plaintiff (including the putative class members) on all claims in the Complaint. *See Cain v. Harford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).

24. Parr is not obliged to "research, state, and prove the plaintiff's claims for damages." *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586 BHS, 2021 U.S. Dist. LEXIS 246850, at *5 (W.D. Wash. Dec. 28, 2021)(quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Parr can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*. Therefore, Parr only need to show that there is "a reasonable probability that the stakes exceed" $75,000. See *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 449 (7th Cir. 2005). Indeed, Parr need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met. See *Brill*, 427 F.3d at 448-49.

25. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

result of the litigation, excluding interest and costs, that 'entail[s] a payment' by the defendant." *Gonzales,* 840 F.3d at 648-49. "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648-49; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy). "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

26. A defendant is entitled to rely on reasonable assumptions surrounding plaintiff's alleged claims, including the potential attorney fees awarded under fee shifting statutes. *Gonzales*, 840 F.3d at 648-69. Further, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co*. 574 U.S. at 89.

27. Here, Plaintiff, individually and on behalf of a class, seeks attorneys' fees and costs as set out in the remedies sections of RCW 49.48.030; RCW 49.46.090; and RCW 49.52.070. (*See* Complaint, at ¶¶ 1.59, 1.69, 1.73, 1.77, 1.82, 2.3, 2.5, 2.9, 2.13, 2.14, and F). If this case proceeded to trial, Plaintiff's recoverable attorneys' fees alone would easily exceed $75,000, even without consideration of the cost of any damages awarded.

28. It is a reasonable estimate that the number of attorney hours to litigate this case to summary judgment (e.g., investigate and prepare a complaint, complete written discovery, respond to discovery, complete at least two depositions, prepare a summary judgment motion



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

or oppose the same) will total at least 100 hours of work.

29. Publicly available documents for a separate, unrelated matter demonstrate that Plaintiff's lead counsel, Douglas Han bills his time at a rate of $900.00 per hour. *See Alcazar v. California United Mechanical, Inc*., Case No. 3:21-cv-09003-TLT, Doc. No. 49, Declaration of Douglas Han, ¶ 11. Like his colleague, Shunt Tatavos-Gharajeh bills at $800.00 per hour and associates of their firm bill at least $500.00 per hour. *Id*. This document is a sworn declaration from Douglas Han, which was filed in support of the plaintiff's motion for attorneys' fees, costs, and service awards in a Northern District of California Court. Mr. Han represented to the court in *Alcazar* that in connection with his pre-summary judgment settlement in that matter, he himself billed 242.7 hours at a rate of $900.00 per hour. *Id*., ¶ 11 & Ex. 1 at 23. Mr. Tatavos-Gharajeh billed 235.2 hours. *Id*., Ex. 1 at 23. Collectively, all attorneys and paralegals on that case billed a total of 766.5 hours even before the summary judgment stage. *Id*. Mr. Han's billable hours resulted in approximately $218,430.00 in fees and well exceeds the amount-in-controversy for diversity jurisdiction. Likewise, Mr. Tatavos-Gharajeh's rate resulted in $188,160.00 in fees. This is outside the additional costs and fees associated with hours performed by Plaintiff's counsel's associate(s), paralegals, and staff.

30. Assuming Plaintiff seeks damages of around $5,000 to $10,000, it is reasonable and conservative to assume that Plaintiff will be seeking at least $75,001.00 between his alleged damage and attorneys' fees. Moreover, and in all likelihood, Plaintiff will be seeking much more. *See also Rojas v. International Paper Co*., 2025 WL 1952089 (E.D. Wash. July 16, 2025) (denying motion to remand filed by Plaintiff's attorneys because Alcazar matter showed reasonable estimate of attorneys' fees far exceeded $75,000).

31. Lastly, if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in their claims. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 858 (9th Cir. 2001).



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

## IV. VENUE IS PROPER

32. Venue lies in the Western District of Washington pursuant to 28 U.S.C. §§ 1391(a), 1441, 1446(a), and 84(d). This action originally was brought within a county encompassed by the Western District of Washington – the Superior Court of the State of Washington, County of King. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. NOTICE OF REMOVAL

33. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of the removal will be served upon counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Washington, County of King, as required by 28 U.S.C. § 1446(d).

## VI. CONCLUSION

34. For all the reasons identified above, Parr respectfully requests that this action now pending before the Superior Court of the State of Washington for the County of King be removed to the United States District Court for the Western District of Washington.

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Dated this 20th day of March, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Stephanie P. Berntsen

Stephanie P. Berntsen, WSBA #33072
Email: sberntsen@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711

Jean Ohman Back, WSBA #37330
Email: jback@schwabe.com
Michael T. Garone, WSBA #30113
Email: mgarone@schwabe.com
Nicholas D. Lauren, WSBA 64592
Email: nlauren@schwabe.com
1211 SW 6th Avenue, Suite 1800
Portland, OR 97204
Telephone: 503-222-9981

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

I hereby certify that on the 20th day of March, 2026, I caused to be served the foregoing DEFENDANT PARR LUMBER COMPANY'S NOTICE OF REMOVAL on the following party at the following address:

Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Dean Petitta, WSBA #58295
JUSTICE LAW CORPORATION
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
Email: dhan@justicelawcorp.com
statavos@justicelawcorp.com
dpetitta@justicelawcorp.com
esum@justicelawcorp.com
shanneyan@justicelawcorp.com
fgonzalez@justicelawcorp.com

*Attorneys for Plaintiff*

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail,
- ☐ return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☑ electronic service
- ☐ other (specify) ______________________________

*/s/ Stephanie P. Berntsen*
Stephanie P. Berntsen WSBA #33072



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

# EXHIBIT 1

FILED
2026 FEB 10 11:22 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| RICK WHARF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARR LUMBER COMPANY, an Oregon corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Rick Wharf ("Plaintiff"), by their undersigned counsel, for their class action complaint against Defendant Parr Lumber Company ("Defendant"), alleges as follows:

///

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

1.3 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in King County. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets. Federal jurisdiction is inappropriate under the diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy between Plaintiff and Defendant does not exceed the sum or value of $75,000, exclusive of interest and costs.

1.4 Venue. Venue is proper in King County because Defendant operates and transacts business in King County. RCW 4.12.025(1), (3).

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.5 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

1.6 Plaintiff. Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

1.7 Defendant. Defendant is an Oregon corporation with its principal place of business in Hillsboro, Oregon.

## IV. CLASS ACTION ALLEGATIONS

1.8 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

1.9 Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

1.10 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

1.11 <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.12 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

1.13 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

1.14 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

1.15 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

1.16 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

1.17 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.18 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

1.19 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

1.20 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

1.21 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

1.22 Defendant had actual or constructive knowledge of the facts set forth above.

1.23 <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

1.24 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

1.25 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

1.26 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

1.27 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

1.28 Defendant had actual or constructive knowledge of the facts set forth above.

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.29 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

1.30 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

1.31 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

1.32 Defendant had actual or constructive knowledge of the facts set forth above.

1.33 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

1.34 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

1.35 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

1.36 Defendant had actual or constructive knowledge of the facts set forth above.

1.37 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.38 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

1.39 Defendant had actual or constructive knowledge of the facts set forth above.

1.40 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

1.41 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

1.42 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

1.43 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

1.44 Defendant had actual or constructive knowledge of the facts set forth above.

1.45 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

1.46 Defendant had actual or constructive knowledge of the facts set forth above.

1.47 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.48 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

1.49 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. FIRST CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)

1.50 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1.51 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

1.52 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

1.53 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

1.54 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

1.55 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

1.56 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

1.57 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.58 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

1.59 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

1.60 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1.61 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

1.62 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

1.63 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

1.64 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

1.65 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

1.66 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.67 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

1.68 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

1.69 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

1.70 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1.71 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

1.72 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

1.73 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

1.74 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.75 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

1.76 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

1.77 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

1.78 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

1.79 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

1.80 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

1.81 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

1.82 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

**XI. SIXTH CLAIM FOR RELIEF**

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

2.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

2.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

2.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

2.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

2.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

**XII. SEVENTH CLAIM FOR RELIEF**

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

2.6 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.7 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

2.8 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

2.9 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

2.10 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

2.11 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

2.12 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

2.13 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

2.14 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

///

///

///



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 10th day of February, 2026.

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

# EXHIBIT 2

3:47PM
2.19.2026

FILED
2026 FEB 10 11:22 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**COUNTY OF KING**

| | |
|---|---|
| RICK WHARF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARR LUMBER COMPANY, an Oregon corporation,<br><br>Defendant. | NO.<br><br>**SUMMONS (20/60 DAYS)** |

TO: SW&W REGISTERED AGENTS, INC.
700 WASHINGTON ST STE 701,
VANCOUVER, WA, 98660-3338, UNITED STATES

1. A lawsuit has been started against you in the above-entitled Court by plaintiff. The plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

2. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons if served upon you within the state of Washington or 60 days if served upon you outside the State of Washington, excluding



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

3. You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney for the plaintiff at the address below stated. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

4. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

5. This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Date: February 10, 2026

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

FILED
2026 FEB 10 11:22 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| WHARF<br><br>VS<br><br>PARR LUMBER COMPANY | No. 26-2-05341-3 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

EMP - Employment

**AREA OF DESIGNATION**

SEA — Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2026 FEB 10 11:22 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| RICK WHARF<br><br>Plaintiff(s)<br>vs<br><br>PARR LUMBER COMPANY<br><br>Defendant(s) | No. 26-2-05341-3 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Ken Schubert, Dept. 40**<br><br>FILED DATE: 02/10/2026<br>TRIAL DATE:02/16/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 02/10/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 07/21/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 07/21/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 08/04/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 09/15/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 10/27/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 11/10/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 11/10/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 12/29/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 01/19/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 01/26/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 01/26/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 02/02/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 02/09/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 02/09/2027 |
| | Trial Date [*See KCLCR 40*]. | 02/16/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 02/10/2026

Averil Rothrock

PRESIDING JUDGE

# EXHIBIT 3

FILED
2026 FEB 25 02:00 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

| | |
|---|---|
| RICK WHARF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARR LUMBER COMPANY, an Oregon corporation,<br><br>Defendant. | No. 26-2-05341-3 SEA<br><br>NOTICE OF APPEARANCE |

TO: CLERK OF COURT

AND TO: ALL PARTIES AND THEIR COUNSEL;

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that attorneys Jean Back, Michael Garone, and Nicholas Lauren of Schwabe, Williamson & Wyatt, P.C., hereby appear for Defendant Parr Lumber Company ("Defendant"). This appearance is without waiver of any defenses or objections by Defendant as to personal jurisdiction, venue, process, service of process, or other claims or defenses in law or equity. All further correspondence and pleadings (except original process) herein shall be served upon the undersigned attorneys at the address below.

/ / /



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1800
Portland, OR 97204
Telephone 503-222-9981

Dated this 25th day of February, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/Jean O. Back

Jean O. Back, WSBA 37330
jback@schwabe.com
Michael T. Garone, WSBA 30113
mgarone@schwabe.com
Nicholas D. Lauren, WSBA 64592
nlauren@schwabe.com
1211 SW 6th Avenue, Suite 1800
Portland, OR 97204
Telephone: 503-222-9981
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

I hereby certify that on the 25th day of February, 2026, I caused to be served the foregoing NOTICE OF APPEARANCE on the following party at the following address:

Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
*Attorneys for Plaintiff*

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail,
- ☐ return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☑ electronic service
- ☑ other (specify) courtesy email

Tara Roberts
Tara Roberts, Legal Assistant



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1800
Portland, OR 97204
Telephone 503-222-9981

FILED
2026 FEB 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 26-2-05341-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| WHARF<br><br>VS<br><br>PARR LUMBER CO | No. 26-2-05341-3 SEA<br><br>**CERTIFICATE OF E-SERVICE** |

I, Jean Back, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application. Service was initiated on February 25th, 2026 at 2:00 p.m.

Document(s):

1. Notice of Appearance

Parties:

1. ShuntTatavos-Gharajeh, Attorney for Plaintiff
2. , E-Mail: statavos@justicelawcorp.com
3. JeanBack, Attorney for Defendant
4. , E-Mail: JBack@schwabe.com

Executed this 25th day of February, 2026.

s/Jean Back, JBack@schwabe.com

FILED
2026 MAR 11 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-05341-3 SEA

The Honorable Ken Schubert
Trial Date: February 16, 2027

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

RICK WHARF, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

PARR LUMBER COMPANY, an Oregon corporation,

Defendant.

No. 26-2-05341-3 SEA

NOTICE OF APPEARANCE AND ASSOCIATION OF COUNSEL

TO: CLERK OF THE COURT;

AND TO: ALL PARTIES AND THEIR COUNSEL;

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that attorney Stephanie P. Berntsen of Schwabe, Williamson & Wyatt, P.C., in association with Jean Back, Michael Garone, and Nicholas Lauren of Schwabe, Williamson & Wyatt, P.C., hereby appears for Defendant Parr Lumber Company ("Defendant"). This appearance is without waiver of any defenses or objections of defendant as to personal jurisdiction, venue, process, service of process, or other claims or defenses in law or equity. All further correspondence and pleadings (except original process) herein shall be served upon the undersigned attorney at the address



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

below stated.

Dated this 11th day of March, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Stephanie P. Berntsen

Stephanie P. Berntsen, WSBA #33072
Email: sberntsen@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711

Jean Ohman Back, WSBA #37330
Email: jback@schwabe.com
Michael T. Garone, WSBA #30113
Email: mgarone@schwabe.com
Nicholas D. Lauren, WSBA 64592
Email: nlauren@schwabe.com
1211 SW 6th Avenue, Suite 1800
Portland, OR 97204
Telephone: 503-222-9981

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

I hereby certify that on the 11th day of March, 2026, I caused to be served the foregoing NOTICE OF APPEARANCE AND ASSOCIATION OF COUNSEL on the following party at the following address:

Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Dean Petitta, WSBA #58295
JUSTICE LAW CORPORATION
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
Email: dhan@justicelawcorp.com
statavos@justicelawcorp.com
dpetitta@justicelawcorp.com
esum@justicelawcorp.com
shanneyan@justicelawcorp.com
fgonzalez@justicelawcorp.com

*Attorneys for Plaintiff*

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail,
- ☐ return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☑ electronic service
- ☑ other (specify) courtesy email

Lauren Van Cislo, Legal Assistant



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711